## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 14-24643-CIV-ALTONAGA/O'Sullivan

**KENNETH E. LITTLE**,

      Plaintiff,

v.

**THE CITY OF MIAMI**,

      Defendant.

_____/

### <u>ORDER</u>

    **THIS CAUSE** came before the Court upon Defendant, City of Miami's ("City['s]") Motion to Dismiss . . . ("Motion") [ECF No. 14], filed February 5, 2015.  Plaintiff, Kenneth E. Little ("Little") filed his Opposition . . . ("Opposition") [ECF No. 26] on March 10, 2015; and the City filed a Reply . . . ("Reply") [ECF No. 29][1] on April 3, 2015.  The Court has carefully reviewed the parties' written submissions and applicable law.

### I.      BACKGROUND

    Little, a *pro se* litigant, brings his Complaint [ECF No. 1] against the City[2] under the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. section 794.  (*See* Compl. ¶ 1).  In response to a charge of discrimination he submitted to the U.S. Equal Employment Opportunity Commission ("EEOC"), Little obtained a right to sue letter, attached as Exhibit "A" to his Complaint, where he states,

---

[1] The City filed the Reply, which largely repeats a portion of the discussion contained in the Motion, only after it was ordered to do so.  (*See* March 27, 2015 Order [ECF No. 27]).

[2] Little also sued the City of Miami Police Department.  The Department was dismissed *sua sponte* by Order dated February 3, 2015 [ECF No. 12].

CASE NO. 14-24643-CIV-ALTONAGA/O'Sullivan

> I am a Black male who worked for the above-named Respondent as a Police Officer from February 1973 until my disability retirement, which occurred on June 15, 1975.
>
> Since 1990, the year the Americans with Disabilities Act was enacted, I have been denied reinstatement to a non-sworn position with the Respondent and I have been denied any form of rehabilitation from the Respondent as well.  In addition, I have been subjected to disparate and inequitable treatment specific to the application, denial and payment of my disability entitlement, to include distributions of my permanent Worker's Compensation pay.
>
> I previously filed a charge with the EEOC . . . back in 1994, in which I was issued a Notice of Right to Sue.  Unfortunately, I was unable to prevail in the subsequent lawsuit . . . .  Nevertheless, I have continued to be discriminated against and I continue to suffer injury and emotional distress, because of the Respondent's refusal to implement a "rehabilitation system", as well as Respondent's refusal to reinstate me and pay out my benefits . . . .

(Compl., Ex. "A," 11 (alterations added)).

The Complaint alleges Little is a former City police officer who suffered a compensable injury in the course of his employment on June 15, 1975.  (*See* Compl. ¶ 8).  The City voluntarily accepted Little as permanently and totally disabled on March 11, 1976, and on October 30, 1976, granted him a disability pension.  (*See id.*).  After granting the pension, the City continued to pay permanent total disability benefits, however, it offset these payments against Little's disability pension.  (*See id.*).  It has been previously determined the City's continued taking of the offset through August 1, 1989, was unlawful.  (*See id.*).

Since 1989, Little has sought reinstatement to a police department non-sworn position and/or rehabilitation to abate his physical and psychological deterioration resulting from the injuries he sustained while employed with the City's police department.  (*See id.* ¶ 9).  The City has multiple programs available to employees and retirees, including an Employee Assistance Program, an Employee Wellness Program, and extensive retiree medical benefit programs administered by Cigna which could benefit Little and alleviate his suffering.  (*See id.* ¶ 10).

Little has made continuous efforts to be enrolled into one of these programs. (*See id.* ¶ 11). But by reason of his disability status, the City has wrongfully refused to enroll Little into any of the programs or reinstate him to a non-sworn position where his deterioration could be abated or minimized. (*See id.* ¶ 12). Furthermore, the City has consistently refused to provide any type of rehabilitation support to Little, despite the availability of this support to City police department employees who do not suffer from Little's disability. (*See id.* ¶ 13).

On the basis of these allegations, Little brings six claims for relief.[3] Count I alleges a violation of 42 U.S.C. section 1983, in that the City has deprived Little of his constitutional or statutory rights by failing and refusing to provide him with the rehabilitation services made available to other police department employees. (*See id.* ¶ 15). In Count II, Little alleges a violation of the Medicaid statute and regulations, in particular, the requirement of 42 U.S.C. section 1396a(a)(8) that Medicaid assistance be furnished with reasonable promptness to eligible individuals; and the requirement of 42 C.F.R. section 435.930(b) that once an individual has been found eligible for Medicaid services, the state agency must continue to provide such services until the recipient is found ineligible. (*See id.* ¶ 19). In Count III, Little alleges a violation of the Florida Civil Rights Act of 1992 ("FCRA"). (*See id.* ¶ 22). Count IV alleges discrimination based on disability in violation of the ADA, 42 U.S.C. section 12131(2), in the City's denial and exclusion of Little from its Rehabilitation Program. (*See id.* ¶ 28). Count V alleges a violation of the Rehabilitation Act in the City's denial and exclusion of Little from its Rehabilitation Program. (*See id.* ¶ 34). Count VI alleges the City violated section 413.08(2) of

---

[3] Each count of the Complaint incorporates all preceding paragraphs of the Complaint. "A shotgun pleading is a pleading that 'incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'" *Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (alteration in original)). The Eleventh Circuit has "repeatedly condemned shotgun pleadings" and directed district courts "to order repleading for a more definite statement." *Id.* (citations omitted). The City does not raise this issue in its papers.

the Florida Statutes by discriminating against Little upon his application to be a participant in the Rehabilitation Program.  (*See id.* ¶ 37).

In its Motion, the City argues the claims asserted in Counts I through V are time-barred under the applicable statutes of limitations.  (*See* Mot. 1).[4]  The City also argues Count VI fails to state a claim, as Florida Statute section 413.08(2) does not create a private right of action.  (*See id.*).  Little does not address the argument concerning the insufficiency of Count VI.  (*See generally* Opp'n).  As such, the Court concludes Little concedes the merits of the Motion on this point and only addresses the statute of limitations argument.  *See Associated Indus. Ins. Co. v. Advanced Mgmt. Servs., Inc.*, No. 12-80393-CIV-Marra, 2013 WL 1149668, at *7 (S.D. Fla. Mar. 19, 2013) (citations omitted).

## II.      LEGAL STANDARD

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

---

[4] The City provides no analysis as to the elements required for each claim for relief; the Court does not supply or address that in this Order either.

CASE NO. 14-24643-CIV-ALTONAGA/O'Sullivan

678 (alteration added) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  A court also must construe *pro se* pleadings liberally.  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

As acknowledged by the City (*see* Mot. 2), when the basis for a Rule 12(b)(6) motion to dismiss is the expiration of a statute of limitations, dismissal is appropriate only if it is "'apparent from the face of the complaint' that the claim is time-barred."  *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).  This is because a statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate the defense in his complaint.  *See id.* (citation omitted).

### III.    DISCUSSION

In its Motion, the City essentially repeats the same arguments as to Counts I through V: all causes of action in the Complaint have four-year statutes of limitations, and Little failed to timely bring his federal and state-law claims.  (*See generally* Mot.).[5]  Accepting the allegations of the Complaint as true, Little has "consistently sought" and been denied reinstatement and/or rehabilitative services from the City since 1989.  (Compl. ¶ 9).  According to the City, the statutes of limitations began to run the day the City refused to assist Little in 1989, and clearly expired by the time suit was filed in 2014.  (*See* Mot. 3).  The City explains while Little appears

---

[5] The City also argues as to Count II it is not a recipient of Medicaid benefits from the state or federal government and as such cannot be held liable under the Medicaid statute.  (*See* Mot. 5).  The Court does not address this unsupported argument.  As to Counts III, IV, and V, the City adds the argument Little failed to timely file his charges of unfair and discriminatory treatment with the EEOC, as he filed his charge of discrimination on July 11, 2014, 25 years after he first became aware of the City's alleged discriminatory act.  (*See id.* 5-6, 6-7).  Given Plaintiff is apparently relying on a theory of continuing violations, as the City acknowledges (*see id.* 3-4), the Court does not address this cursory argument either.

to be invoking the continuing violation doctrine, that doctrine recognizes a statute of limitations ought not to begin to run until facts supporting the cause of action are or should be apparent to a reasonably prudent person; the doctrine does not preserve claims arising out of an injury that is "continuing" only because a plaintiff knowingly fails to seek relief. (*See id.* 3-4 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir. 2001)). Further, an "employer's refusal to undo its previous decision is not a fresh act of discrimination." (*Id.* 4 (quoting *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998)). In response, Little asserts his Complaint should survive scrutiny because he has attempted to be reemployed and enrolled in a City police department rehabilitation program continuously within the time limited by the applicable statutes of limitations, as recently as September 2014.[6] (*See* Opp'n 2).

The City's Motion and Reply memoranda provide a cursory analysis and superficial explanation of the statute of limitations issue. As noted, the City does not even address what the required elements are for each count of the Complaint. As a result, the City fails to satisfy its burden of showing all claims are time-barred.

"The continuing violations doctrine allows for otherwise time-barred claims to be heard when those claims are part of a continuous discriminatory employment practice and an instance of that practice is alleged in a timely filed EEO charge of discrimination." *Pizzini v. Napolitano*, No. 10-61498-CIV-Turnoff, 2011 WL 2535276, at *5 (S.D. Fla. June 17, 2011). Yet, the Eleventh Circuit has held "a failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985) (citation omitted). "Otherwise, a potential plaintiff could always circumvent the limitations by reapplying for employment." *Id.*; *see also Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th

_____

[6] The September 2014 "fact" is nowhere alleged in the Complaint.

Cir. 1992) ("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination.").

Thus, disparate-treatment claims and others for which discriminatory intent is an element require the plaintiff to demonstrate deliberate discrimination within the limitations period. *See Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 214–15 (2010). In contrast, where a plaintiff pursues liability under a theory of disparate impact — not requiring a showing of discriminatory intent — each application of the practice constitutes a present violation that begins an independent limitations period. *See id.*; *see also Smith v. Miami-Dade Cnty.*, 21 F. Supp. 3d 1286, 1291 (S.D. Fla. 2014). In *Smith*, for example, the court considered the sufficiency of ADA and FCRA claims where plaintiff was "repeatedly refused consideration for reinstatement because of a Miami-Dade Transit policy that prohibits the rehiring of former employees who had long term absences. This policy has a disproportionately adverse and discriminatory impact upon" plaintiff because of her disability. *Id.* at 1288. The court denied a motion to dismiss the ADA and FCRA disparate-impact claims "as each application of Defendant's rehire policy constituted a 'present violation' that began an independent limitations period. Or to use the language of *Burnam*, each rejection was a discrete act of discrimination." *Id.* at 1291.

The First Circuit in *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121 (1st Cir. 2009), recently examined the difference between a time-barred complaint about an employer's refusal to undo a discriminatory decision and a timely complaint about the disparate impact of a municipality's old, unlawful practices. So, "an employee who renews his request for particular accommodations may bring suit based on a new 'discrete act' of discrimination if the employer again denies his request." *Id.* at 131. Yet, an employer's refusal to rehire a plaintiff after a termination "was 'not a separate act of discrimination, but rather a consequence of his initial

demotion.'" *Id.* at 132 (quoting *De Leon Otero v. Rubero*, 820 F.2d 18, 20 (1st Cir. 1987)). Similarly, an employer's repeated refusal to reinstate an employee to a formerly held position, or reconsider a previously denied request, does not give rise to a new claim of discrimination. *See id.* (citing cases).

Little complains about his former employer's refusal to hire him since 1989 as a non-sworn member of the police department — a different position from the one he presumably became disabled to do — or allow him to participate in programs Little describes as open to retirees or employees of the City. (*See* Compl. ¶ 10 ("[The City] ha[s] multiple programs available to its employees and retirees . . . ." (alterations added))). According to Little, the City has wrongfully refused to enroll him by reason of his disability status into any of the programs or reinstate him to a non-sworn position where his deterioration may be abated or minimized. (*See id.* ¶ 12). While no facts are pleaded as to how Little concludes the refusals to re-enroll are on account of his disability status, the City does not address the paucity of supporting facts at all. Furthermore, Little alleges the City has consistently refused to provide any type of rehabilitation support to him, despite the availability of this support to City police department employees who do not suffer from Little's disability. (*See id.* ¶ 13).

The Court cannot conclude the refusals to hire since 1989 do not allege separate acts of discrimination. The City has also not shown how the law supports a finding, on a motion under Rule 12(b)(6), that its refusals to enroll Little in a rehabilitation program do not allege separate acts of discrimination. Admittedly, by Little's own description, those programs are only open to police department employees or retirees; Little is neither an employee nor a retiree. Yet, and as stated, the City includes no analysis about the elements of any of the causes of action or why

CASE NO. 14-24643-CIV-ALTONAGA/O'Sullivan

Little's own description of the programs conclusively answers the question whether the repeated refusals to enroll Little are time-barred.

The Court cannot say with certainty Little's claims are all about a former employer's repeated refusals to reinstate or re-hire a former employee, or reconsider a previously denied request. No different than the claims allowed to proceed in *Smith*, Little's Complaint does not affirmatively show a long-ago communicated decision bars all of the claims asserted on the basis of the passing of the statutes of limitations. While perhaps some of the requests for hire or placement into City programs might well be time-barred, the City has not shown all of those requests are, which is required to obtain the dismissal the City seeks.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion **[ECF No. 14]** is **GRANTED** in part and **DENIED** in part. Count VI is dismissed.

**DONE AND ORDERED** in Miami, Florida this 15th day of April, 2015.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record; Plaintiff, *pro se*

9